**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

ELECTRONICALLY FILED
Jul 07 2025
U.S. DISTRICT COURT
Northern District of WV

**AMANDA B. RIFFLE and**
**JASON C. RIFFLE,**
Plaintiffs,

**Civil Action No. 2:25-CV-13 (Kleeh)**

v.

**VANDERBILT MORTGAGE & FINANCE, INC.,**
Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Vanderbilt Mortgage & Finance, Inc. (hereinafter "VMF") by counsel, Carrie Goodwin Fenwick, and the law firm of Goodwin & Goodwin, LLP, hereby gives notice of the removal of this case from the Circuit Court of Upshur County, West Virginia to the United States District Court for the Northern District of West Virginia. In support of Removal of this action, the specific grounds for removal are as follows:

## I. BACKGROUND

1. This action was filed in the Circuit Court of Upshur County, West Virginia on June 5, 2025. (See "**Exhibit A**" for a copy of all process, pleadings, and orders served upon such in this action, including the docket sheet and Complaint for civil action number CC-49-2025-C-42).

2. This matter involves the sale, financing, installation and construction of a Manufactured Home (hereinafter "Home") purchased by Plaintiffs from CMH Homes, Inc. The purchase of the Home was financed by Defendant VMF.

3. Plaintiffs allege various acts or omissions in the construction, sale, financing and installation of the Home and have asserted the following causes of action:

Count I – Violation of Truth in Lending Act, 15 U.S.C. § 1601, et seq.;

Count II – Unconscionable Inducement and Unconscionable Contract;

Count III – Contract Defense of Fraud and Claim for Restitution/Damages;

Count IV – Illegal Mortgage Loan;

Count V – Breach of Implied Warranties;

Count VI – Fraud as a Defense to Contract and for Damages;

Count VII – Breach of Contract;

Count VIII – Joint Venture.

(See **Exhibit A**, Complaint, ¶ ¶ 42-93).

4. That Plaintiffs request general and special damages and that they be awarded their costs and a reasonable attorney's fee, pursuant to W.Va. Code § 46A-5-101-106, the common law, and the general authority of this Court. *Id*. The Plaintiffs also request a declaration that the financing transaction was unconscionable, revocation and cancellation of the mortgage loan. *Id.*

## II. TIMELINESS OF REMOVAL

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part that "the notice of removal of a civil action shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b).

6. The Complaint was served upon Defendant VMF on June 6, 2025. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of service of Defendant VMF.

## III. DIVERSITY JURISDICTION

7. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides in pertinent part that the

"district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states." 28 U.S.C. 1332(a)(1).

8. As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A. Complete Diversity of Citizenship Exists

9. For the purpose of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. See *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 828 (1989).

10. For the purpose of diversity jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp*., 559 U.S. at 90. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz*, 559 U.S. at 93.

11. Plaintiffs are residents of the State of West Virginia, specifically Upshur County, West Virginia. *See* Compl. ¶ 2. Therefore, Plaintiff is a citizen of West Virginia for diversity jurisdiction purposes.

12. Defendant VMF is a corporate resident of the state of Tennessee with their principal place of business in Tennessee. Therefore, VMF is a citizen of Tennessee for diversity jurisdiction purposes. Accordingly, there is complete diversity of citizenship between the Plaintiffs and Defendant.

B. The Amount in Controversy Exceeds $75,000

13. United States District Courts are vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

14. The Fourth Circuit Court of Appeals in *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 199-200 (4th Cir. 2008), has explained the burden of pleading that must be met by the removing party. Specifically, 28 U.S.C. §1446(a) requires that a Notice of Removal contain only "a short and plain statement of the grounds for removal" and that it be "signed pursuant to Rule 11." According to the Court, "[w]hile a notice of removal is not a pleading as defined by Federal Rule of Civil Procedure 7(a), this language in § 1446(a) is deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* The Fourth Circuit's understanding of the significance of the language selected for inclusion in §1446(a) is, according to *Ellenburg*, confirmed by the legislative history of that provision:

> The present requirement of a verified petition is changed to a requirement that a notice of removal be signed pursuant to Civil Rule 11. This change is in keeping with general modern distaste for verified pleading. The sanctions available under Civil Rule 11 apply to every "other paper", but it seems desirable to make it clear that they are available in cases of improvident removal. The present requirement that the petition of removal state the facts supporting removal has led some courts to require detailed pleading. Most courts, however, apply the same liberal rules that are applied to other matters of pleading. *The proposed amendment requires that the grounds for removal be stated in terms borrowed from the jurisdictional pleading requirement establish[ed] by civil rule 8(a).*

*Id*. (quoting H.R.Rep. No. 100–889, at 71–72 (1988), *as reprinted* in 1988 U.S.C.C.A.N. 5982, 6032) (emphasis added in original)). In sum, "just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Id*. at 200 (internal citation omitted).

15. A defendant asserting the existence of federal diversity jurisdiction is tasked with proving by a "preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Stoler v. Penny-Mac Loan Srvs*., LLC, 2018 WL 6422469, *2 (S.D. W.Va. Dec. 6, 2018) (citing *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W.Va. 1996)); *see also Jackson v. Am. Nat'l Prop. and Cas. Co.*, 2017 WL 5559922, *2 (S.D. W.Va. Nov. 17, 2017). "Estimating the amount in controversy is not nuclear science, as a removing defendant is somewhat constrained by the plaintiff." *Stoler*, 2018 WL 6422469 at *2 (quoting *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017)) (other internal citations omitted). "[P]laintiffs are free to purposely omit information that would allow a defendant to allege the amount in controversy with pinpoint precision." *Id*. (internal citation omitted).

16. Plaintiffs' Complaint does not include any ad damnum clause(s). *See generally*, **Complaint**. Accordingly, in calculating the amount in controversy, the court looks to the totality of the circumstances, including the Complaint, the type and extent of the Plaintiffs' damages, the amounts awarded in similar cases, and losses incurred to date of removal. *Id*. (citing *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 963–64 (S.D.W. Va. 2011)). The court uses this information "to

estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Id*.; *see also, Jackson*, 2017 WL 5559922 at *3. Here, the Complaint reflects a claim for damages that greatly exceeds $75,000.

17. The amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied in this case. Plaintiffs assert numerous claims against VMF including violations of the federal Truth in Lending Act (TILA), the West Virginia Consumer Credit and Protection Act (WVCCPA), fraud, breach of contract, and unconscionable inducement. The Complaint alleges that Plaintiffs were induced into financing a manufactured home at an "exploitive" total sale price exceeding $840,000, for a home they claim was worth no more than $180,000 to $200,000. See Complaint, ¶¶ 1, 17, 41. Plaintiffs further allege the home was defectively constructed, improperly installed, and uninhabitable, and they seek a broad range of remedies including cancellation of the mortgage loan, revocation of acceptance, restitution, actual and consequential damages, statutory civil penalties, punitive damages, and attorneys' fees. *Id.,* ¶¶ 42-93.

18. The amount in controversy in this matter clearly exceeds the $75,000 jurisdictional threshold exclusive of interest and costs. Plaintiffs expressly seek cancellation of a loan with a principal amount of $293,135.86 and allege that the total sale price imposed by VMF exceeded $840,000. See Complaint, ¶¶ 17, 59-62. They also claim a repair estimate "upwards of $100,000" based on an engineering inspection, and seek punitive damages based on alleged willful and intentional conduct. *Id.* ¶¶ 35, 54-59. Under West Virginia law, punitive damages may be considered in calculating the amount in controversy, and a potential award in a case involving allegations of fraud and unconscionable conduct could exceed the compensatory damages several times over. See *White v. J.C. Penney Life Ins. Co.,* 861 F. Supp. 25, 27 (S.D.W.Va.1994) (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943)).

19. Additionally, Plaintiffs have alleged a revocation claim and request a set off against the amount claimed on the loan. See Complaint ¶¶ 52-59, 63-80. VMF financed the purchase of the Home with the Plaintiff. *Id.* at ¶¶ 5-21. Plaintiffs allege that they were initially quoted by CMH Homes, Inc. a total purchase price of $251,671.94 for a manufactured home package that included all utilities and installation. *Id.* at ¶ 9. They claim that the final loan documents reflected an increased "cash price" of $293,135.86 and a total financed sale price exceeding $840,000. Id. at ¶ 17. If Plaintiffs were successful on their revocation claim they would be entitled to a set off on their loan amount that clearly exceeds $75,000 required for removal.

20. The foregoing analysis adequately demonstrates that the amount in controversy greatly exceeds $75,000. Therefore, this Honorable Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332.

## IV. PROCEDURAL REQUIREMENTS ARE SATISFIED

21. Removal to this Court is proper because this is the federal district and division embracing the state court where this action is pending. 28 U.S.C. § 1441(a).

22. Defendant VMF has given prompt notice of this removal to the state court by filing its Notice of Removal with the Clerk of the Circuit Court of Upshur County, West Virginia, as required by 28 U.S.C. § 1446(d) (See **Exhibit B**, Notice of Filing Notice of Removal).

23. Defendant VMF has met its burden of pleading the grounds for removal. If the propriety of removal is challenged by Plaintiffs, VMF requests the Court allow for further briefing of issues raised by the Plaintiffs.

24. VMF will file an Answer after completion of the Removal to this Court.

**WHEREFORE**, Defendant VMF hereby removes to this Honorable Court the action currently pending in the Circuit Court of Upshur County, West Virginia as Civil Action Number CC-49-2025-C-42.

**VANDERBILT MORTGAGE & FINANCE, INC.**

**BY COUNSEL**

***/s/ Carrie Goodwin Fenwick***
Carrie Goodwin Fenwick (WV Bar No. 7164)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
304-346-7000
cgf@goodwingoodwin.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AMANDA B. RIFFLE and**
**JASON C. RIFFLE**,
Plaintiffs,

**Civil Action No.**

v.

**VANDERBILT MORTGAGE & FINANCE, INC.,**
Defendant.

**CERTIFICATE OF SERVICE**

I, Carrie Goodwin Fenwick, counsel for Vanderbilt Mortgage & Finance, Inc., do hereby certify that a true and exact copy of the foregoing **"NOTICE OF REMOVAL"** was served and filed via PACER and via mailing through the United States Mail, postage prepaid, to counsel of record and addressed as follows:

Daniel F. Hedges
Lydia C. Milnes
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
(Counsel for Plaintiff)

On the 7th day of July, 2025.

*/s/ Carrie Goodwin Fenwick*