**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**- ELKINS DIVISION –**

**AMANDA B. RIFFLE and**
**JASON C. RIFFLE,**

**Plaintiffs,**

**v.** **Civil Action No. 25-C-0013-TSK**

**VANDERBILT MORTGAGE &**
**FINANCE, INC.**

**Defendant.**

## ANSWER

Comes now Vanderbilt Mortgage & Finance, Inc. ("VMF"), by and through counsel, and hereby responds to Plaintiffs' Complaint as follows:

1. VMF denies the allegations in paragraph 1.
2. VMF is without sufficient information to either admit or deny the truth of the allegations in paragraph 2.
3. VMF admits that it is licensed to do business in West Virginia and has its principal place of business in Tennessee. VMF denies the remaining allegations in paragraph 3.
4. Paragraph 4 makes a statement of law to which no response is required.
5. VMF is without sufficient information to either admit or deny the truth of the allegations in paragraph 5.
6. VMF is without sufficient information to either admit or deny the truth of the allegations in paragraph 6.
7. VMF denies the allegations in paragraph 7.

8. Paragraph 8 refers to a document, the terms and conditions of which speak for themselves. Therefore, no additional response is required.

9. To the extent paragraph 9 refers to documents, those documents speak for themselves. VMF is without sufficient information to either admit or deny the remaining allegations in paragraph 9 and its subparts regarding discussions with CMH or the Plaintiffs' thoughts or intentions. However, VMF denies that anything was done or said by it that might have improperly induced the Plaintiffs to enter into the loan.

10. Paragraph 10 refers to a document, the terms and conditions of which speak for themselves. Therefore, no additional response is required.

11. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 11. However, VMF denies that anything was done or said by it that might have improperly induced the Plaintiffs to enter into the loan.

12. Paragraph 12 makes no allegation against VMF. Accordingly, no response is required. To the extent a response is required, paragraph 12 is denied.

13. Paragraph 13 makes no allegation against VMF. Accordingly, no response is required. To the extent a response is required, paragraph 13 is denied.

14. VMF is without sufficient information to either admit or deny the truth of the allegation contained in paragraph 14.

15. Paragraph 15 makes a statement of law to which no response is required.

16. VMF denies the allegations in paragraph 16.

17. VMF denies the allegations in paragraph 17.

18. Paragraph 18 and its subpartsmake a statement of law to which no response is required.

19. Paragraph 19 and its subparts do not make any allegations against VMF and therefore no response is required. To the extent paragraph and its subparts could be construed as allegations against VMF, those allegations are denied.

20. VMF denies the allegations in paragraph 20 and its subparts.

21. Paragraph 21 refers to various documents, the terms of which speak for themselves and therefore no additional response is required. To the extent a response is required, VMF denies the allegations.

22. VMF denies that it made any representations to Plaintiffs regarding the placement or installation of the house.

23. Paragraph 23 does not appear to make any allegations against VMF and therefore no response is required. To the extent paragraph 23 could be construed as making allegations against VMF, those allegations are denied.

24. VMF denies that it had anything to do with grading the site or pouring the footers.

25. VMF denies that it had anything to do with setting up utilities at the home.

26. Paragraph 26 does not make any allegations against VMF and therefore no response is required. To the extent paragraph 26 could be construed as making allegations against VMF, those allegations are denied.

27. Paragraph 27 does not make any allegations against VMF and therefore no response is required. To the extent paragraph 27 could be construed as making allegations against VMF, those allegations are denied.

28. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 28.

29. Paragraph 29 and its subparts do not make any allegations against VMF and therefore no response is required. To the extent paragraph 29 and its subparts could be construed as making allegations against VMF, those allegations are denied.
30. Paragraph 30 does not make any allegations against VMF. Accordingly, no response is required. To the extent a response is required and to the extent paragraph 30 could be construed as an allegation against VMF, that allegation is denied.
31. Paragraph 31 references documents, the contents of which speak for themselves. Accordingly, no response is required.
32. Paragraph 32 makes no allegation against VMF. Accordingly, no response is required. To the extent a response is required, paragraph 32 is denied.
33. Paragraph 33 and its subpart make no allegations against VMF. Accordingly, no response is required. To the extent a response is required, paragraph 33 is denied.
34. Paragraph 34 makes no allegations against VMF. Moreover, VMF has no information that would allow it to admit or deny the truth of the allegation contained in paragraph 34.
35. Paragraph 35 and its subparts make no allegations against VMF. Moreover, VMF has no information that would allow it to admit or deny the truth of the allegations contained in paragraph 35 and its subparts.
36. Paragraph 36 makes no allegations against VMF. Moreover, VMF has no information that would allow it to admit or deny the truth of the allegation contained in paragraph 36.
37. VMF is without information to either admit or deny the truth of the allegation in paragraph 37.
38. Paragraph 38 does not make an allegation against VMF. Accordingly, no response is required. To the extent a response is required, VMF denies paragraph 38.

39. Paragraph 39 references "Defendant." However, it does not appear that paragraph 39 is aimed at VMF. To the extent it could be construed as an allegation against VMF, that allegation is denied.
40. VMF denies the allegation in paragraph 40.
41. VMF is without sufficient information to either admit or deny the truth of the allegations contained in paragraph 41.
42. VMF incorporates by reference its responses to previous paragraphs in the Complaint.
43. VMF denies paragraph 43 and its subparts.
44. VMF incorporates by reference its responses to previous paragraphs in the Complaint.
45. VMF is aware that Plaintiffs provided a letter providing an opportunity to cure. That letter and VMF's response speak for themselves and no additional response is required.
46. VMF's response to the notice of right to cure letter speaks for itself and therefore no additional response is required.
47. VMF denies the allegations in paragraph 47 and its subparts.
48. VMF denies the allegation in paragraph 48.
49. VMF denies that it was involved with the sales process. VMF denies any allegation that could be construed as an attack on the financing component of the home.
50. VMF denies the allegations in paragraph 50.
51. VMF denies the allegation in paragraph 51.
52. VMF denies the allegation in paragraph 52.
53. VMF denies the allegation in paragraph 53. VMF further denies that Plaintiffs are entitled to any relief as alleged in paragraph 53's subparts.
54. VMF incorporates by reference its prior responses to previous paragraphs in the Complaint.

55. VMF denies the allegation in paragraph 55. VMF further states that it had nothing to do with the sales price of the home.
56. VMF denies the allegation in paragraph 56.
57. VMF denies the allegation in paragraph 57.
58. VMF denies the allegation in paragraph 58.
59. VMF denies the allegation in paragraph 59. VMF further denies the Plaintiffs are entitled to any relief as alleged in paragraph 59 and its subparts.

    (2nd Paragraph 59). VMF incorporates by reference its prior responses to previous paragraphs in the Complaint.
60. VMF denies the allegations in paragraph 60.
61. VMF denies the allegations in paragraph 61.
62. VMF denies the allegations of Paragraph 62. VMF further denies that Plaintiffs are entitled to any relief as alleged in paragraph 62 and its subparts.
63. VMF incorporates by reference its prior responses to previous paragraphs in the Complaint.
64. Paragraph 64 makes a statement of law to which no response is required.
65. Paragraph 65 makes a statement of law to which no response is required.
66. Paragraph 66 makes a statement of law to which no response is required.
67. Paragraph 67 makes a statement of law to which no response is required.
68. Paragraph 68 refers to the "seller." VMF denies that it was the seller. Accordingly, no response is required. To the extent paragraph 68 could be construed as an allegation against VMF, that allegation is denied.
69. VMF denies the allegations contained in paragraph 69.

70. VMF denies the allegations in paragraph 70 and its subparts and further denies that Plaintiffs are entitled to any relief.

71. VMF incorporates by reference its prior responses to previous paragraphs in the Complaint.

72. Paragraph 72 makes a statement of law to which no response is required.

73. VMF denies the allegation in paragraph 73.

74. Paragraph 74 makes no allegation against VMF. To the extent it could be construed as making an allegation against VMF, that allegation is denied.

75. Paragraph 75 makes no allegation against VMF. To the extent it could be construed as making an allegation against VMF, that allegation is denied.

76. Paragraph 76 makes no allegation against VMF. To the extent it could be construed as making an allegation against VMF, that allegation is denied.

77. Paragraph 77 makes no allegation against VMF. To the extent it could be construed as making an allegation against VMF, that allegation is denied.

78. Paragraph 78 makes no allegation against VMF. To the extent it could be construed as making an allegation against VMF, that allegation is denied.

79. Paragraph 79 makes no allegation against VMF. To the extent it could be construed as making an allegation against VMF, that allegation is denied.

80. VMF denies paragraph 80. VMF further denies that Plaintiffs are entitled to any relief as alleged in paragraph 80 and its subparts.

81. VMF incorporates by reference its prior responses to previous paragraphs in the Complaint.

82. Paragraph 82 makes a statement of law to which no response is required.

83. Paragraph 83 makes no allegation against VMF. Accordingly, no response is required.

84. Paragraph 84 makes no allegation against VMF. Accordingly, no response is required.

85. VMF denies the allegations in paragraph 85.

86. VMF denies the allegations in paragraph 86. VMF further denies that Plaintiffs are entitled to any relief as set forth in paragraph 86 and its subparts.

87. VMF incorporates by reference its prior responses to previous paragraphs in the Complaint.

88. VMF denies the allegations in paragraph 88.

89. VMF denies the allegations in paragraph 89.

90. VMF denies the allegations in paragraph 90.

91. VMF denies the allegations in paragraph 91.

92. VMF denies the allegations in paragraph 92.

93. VMF denies the allegation in paragraph 93. VMF further denies the Plaintiffs are entitled to any relief as alleged in paragraph 93 and its subparts.

94. Any allegation not specifically mentioned herein is denied.

95. VMF reserves the right to amend this Answer.

**Affirmative Defenses**

1. Plaintiffs' Complaint fails to state a claim upon which relief could be granted.

2. Plaintiffs failed to mitigate damages, if any.

3. Plaintiffs' damages, if any, were caused by the acts or omissions of others over whom VMF has no control.

4. VMF breached no duty, if any, owed to the Plaintiffs.

5. Plaintiffs' claims are barred by the merger doctrine or parol evidence rule.

6. Plaintiffs' claims are barred by the doctrine of unclean hands.

7. Plaintiffs' claims are barred by their own breach of contract.

8. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

9. All requirements of the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and Regulation Z were complied with in the context of Plaintiffs' loan. Though VMF specifically denies that there are errors in the loan documents, any errors therein are bona fide errors and/or technical in nature and are therefore not actional pursuant to 15 U.S.C. §1640(c).
10. Plaintiffs' claim under TILA and Regulation Z are also barred pursuant to 15 U.S.C. § 1640(f) because the applicable actions, if any, were undertaken by VMF in good faith and in conformity with applicable rules, regulations, or interpretations of TILA.
11. Plaintiffs' causes of action are barred or limited by the provision, terms, definitions, limitations, and conditions of the loan agreement.
12. Some or all of Plaintiffs' claims are due to be submitted to arbitration pursuant to a valid, binding arbitration agreement.
13. The Complaint fails to plead fraud with the requisite specificity as required by Rule 9(b) of the applicable rules of civil procedure.
14. Plaintiff failed to name necessary or indispensable parties.
15. VMF reserves the right to supplement or amend its Answer and Affirmative Defenses as discovery progresses.

Vanderbilt Mortgage & Finance, Inc.

By Counsel,

/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (WV Bar 7164)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
304-346-7000
cgf@goodwingoodwin.com

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**- ELKINS DIVISION –**

**AMANDA B. RIFFLE and**
**JASON C. RIFFLE,**

**Plaintiffs,**

**v.** **Civil Action No.**

**VANDERBILT MORTGAGE &**
**FINANCE, INC.**

**Defendant.**

## CERTIFICATE OF SERVICE

I, Carrie Goodwin Fenwick, certify that on this the 8th day of July, 2025, I filed Vanderbilt Mortgage & Finance, Inc.'s Answer to the Complaint via the Court's electronic filing system. Service occurred through that system on the following:

Daniel F. Hedges, Esquire
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301

Lydia C. Milnes, Esquire
Mountain State Justice, Inc.
1029 University Ave., Suite 101
Morgantown, WV 26505

/s/ Carrie Goodwin Fenwick